# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KRISTINE ANN LIEVEN,

                Plaintiff,

v.

SGT. VERBICK, ALAN DESCHLER,
and DR. MISO MILOSLAVIC,

                Defendants.

Case No. 18-CV-1237-JPS

**ORDER**

      Plaintiff Kristine Ann Lieven, who is incarcerated at Taycheedah Correctional Institution, proceeds in this matter *pro se*. She filed a complaint alleging that the defendants violated her constitutional rights. (Docket #1). This matter comes before the court on Plaintiff's petition to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket #2). Plaintiff has been assessed and has paid an initial partial filing fee of $7.14. 28 U.S.C. § 1915(b)(1). The Court proceeds to screen the complaint.

      The court shall screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

      A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900

(7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and her statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be

supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. Section 1983, a plaintiff must allege that: 1) she was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon her by a person or persons acting under color of state law. *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that on January 15, 2018, while she was incarcerated at Ellsworth Correctional Center, Defendant Sgt. Verbick ("Verbick") became frustrated with Plaintiff's inability to put her arms closer together behind her back, presumably to be handcuffed. (Docket #1 at 3). Plaintiff alleges that she has disabilities which prevented her from doing as Verbick asked. *Id.* Verbick then wrenched Plaintiff's arms together and twisted her wrists, causing severe pain. *Id.* at 3–4. The next day, Defendant Alan Deschler ("Deschler"), a captain at the prison, placed Plaintiff in the restrictive housing unit ("RHU"). *Id.* at 4. Plaintiff says Deschler did not serve her with the proper paperwork to do so, and he failed to obtain medical care for her injuries. *Id.* Plaintiff was finally seen by Defendant Dr. Miso Miloslavic ("Miloslavic") on January 23. *Id.* She claims that he discounted her symptoms and refused to treat her. *Id.*

Plaintiff may proceed on a claim of excessive force against Verbick. The Eighth Amendment's proscription of cruel and unusual punishment

prohibits prison authorities from "unnecessarily and wantonly inflicting pain on inmates." *See Rivera v. Drake*, 497 F. App'x 635, 637 (7th Cir. 2012). Use of force that is maliciously motivated, unrelated to institutional security, and lacks a legitimate penological justification violates the Eighth Amendment. *Id.* Verbick's conduct, as alleged, was forceful, malicious, and without penological justification. Whether the facts bear this out is a matter for another day.

Plaintiff may also proceed against Deschler and Miloslavic for failing to procure adequate medical care. The Eighth Amendment also secures prisoners' right to minimally adequate healthcare. Prison officials violate this right when they "display deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (quotation omitted). Deliberate indifference claims contain both an objective and a subjective component: the inmate "must first establish that his medical condition is objectively, 'sufficiently serious,'; and second, that prison officials acted with a 'sufficiently culpable state of mind,' – i.e., that they both knew of and disregarded an excessive risk to inmate health." *Lewis v. McLean*, 864 F.3d 556, 562–53 (7th Cir. 2017) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations omitted)). An objectively serious medical condition is one that has been diagnosed by a doctor as needing treatment, or a condition so serious that even a lay person would easily recognize the need for medical attention. *See McDonald v. Hardy*, 821 F.3d 882, 889 (7th Cir. 2016). While the Court has doubts about the connection between Verbick's use of force and the purportedly debilitating injuries Plaintiff suffered, on the facts alleged in the complaint, Plaintiff has satisfied the first element of a deliberate indifference claim.

As to the second element, deliberate indifference rests on an intentional or essentially criminally reckless standard, rather than merely negligent conduct. *See McGee v. Adams*, 721 F.3d 474, 480–81 (7th Cir. 2013). A plaintiff must show that the prison official was on "sufficient notice to alert him or her to 'an excessive risk to inmate health or safety.'" *Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996) (quoting *Farmer*, 511 U.S. at 834). Prison officials may exhibit deliberate indifference to a known condition through inaction. *See Gayton v. McCoy*, 593 F.3d 610, 623–24 (7th Cir. 2010). Generously construing Plaintiff's allegations, both Deschler and Miloslavic's conduct meets this standard. They knew that she had severe injuries and either made no attempt to secure care (Deschler) or discounted the injuries and did not treat her (Miloslavic). For the same reasons, Plaintiff may proceed on a state law claim of medical negligence against Miloslavic, as he is a medical professional and was required to afford her a reasonable level of care.[1]

In sum, Plaintiff may proceed on the following claims pursuant to 28 U.S.C. § 1915A(b):

**Claim One**: The use of excessive force against Plaintiff, in violation of the Eighth Amendment, by Verbick;

**Claim Two**: Deliberate indifference to Plaintiff's serious medical needs, in violation of the Eighth Amendment, by Deschler and Miloslavic; and

---

[1] Plaintiff's allegations suggest that she wants to proceed on a claim against Deschler for not providing her the proper paperwork for her RHU placement. This is not a viable claim. She was only placed in the RHU for four days, which is far less than the time needed to implicate an inmate's due process rights under the Fourteenth Amendment. *See generally Marion v. Columbia Corr. Inst.*, 559 F.3d 693 (7th Cir. 2009).

**Claim Three**: A Wisconsin state law cause of action for medical negligence against Miloslavic.

The Court will also address Plaintiff's pending motion for appointment of counsel. (Docket #6). As a civil litigant, Plaintiff has "neither a constitutional nor statutory right to a court-appointed attorney." *James v. Eli*, 889 F.3d 320, 326 (7th Cir. 2018). However, under 28 U.S.C. § 1915(e)(1), the "court may request an attorney to represent any person unable to afford counsel." The court should seek counsel to represent the plaintiff if: (1) she has made reasonable attempts to secure counsel; and (2) "'the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it.'" *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc)). Whether to appoint counsel in a particular case is left to the Court's discretion. *James*, 889 F.3d at 326.

Plaintiff has not satisfied the first element of the *Pruitt* test. It is this Court's practice to require those seeking appointed counsel to contact at least three lawyers before turning to the Court for assistance. The *pro se* litigant must also provide direct evidence of their efforts to contact those lawyers. This includes providing a copy of the letter the litigant sent to each of the lawyers, and a copy any correspondence received in response to those letters. Merely stating that such efforts were undertaken is insufficient. That is precisely what Plaintiff has done here. Plaintiff claims to have contacted a number of attorneys, but provides no evidence to support the assertion. *See* (Docket #6). Plaintiff's motion for appointment of counsel must, therefore, be denied.[2]

---

[2] Plaintiff's motion specifically requests that attorney Eric Haag be appointed to represent her. (Docket #6). It is not clear why she makes this request.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (Docket #6) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of Plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants;

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from her institution trust account the balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, county, state, or federal, the transferring institution

---

It appears that she contacted Haag and, as implied by the fact that he did not file this case on her behalf, he declined to represent her. The Court will not appoint an attorney to represent a litigant against their will.

shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, the plaintiff need not mail copies to the defendants. All defendants will be served electronically through the court's electronic case filing system. The plaintiff should also retain a personal copy of each document filed with the court.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 1st day of October, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge