# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| KRISTINE ANN LIEVEN,<br><br>     Plaintiff,<br><br>v.<br><br>BRETT VERBICK, ALAN DESCHLER, and DR. MISO MILOSLAVIC,<br><br>     Defendants. | Case No. 18-CV-1237-JPS<br><br>**ORDER** |

  Plaintiff, who was formerly imprisoned in the Wisconsin prison system, was allowed to proceed on claims against Brett Verbick ("Verbick"), a prison guard, for using excessive force in handcuffing her, and against Alan Deschler ("Deschler") and Dr. Miso Miloslavic ("Miloslavic"), a prison supervisor and doctor, respectively, for failing to adequately treat her injuries from the handcuffing incident. (Docket #13). Defendants filed a motion for summary judgment on April 30, 2019. (Docket #35). Along with their motion they filed a statement of proposed findings of fact. (Docket #42).

  According to that statement, Plaintiff had been misbehaving and was sent to the restrictive housing unit for disciplinary reasons. Verbick was required by prison policy to handcuff Plaintiff to transport her to the restrictive housing unit. In doing so, he moved Plaintiff's hands behind her back. Plaintiff's complaint alleges that this caused her severe pain, and that Verbick knew this would happen. Defendant's evidence is to the contrary; Verbick had no knowledge of any potential risk of harm in handcuffing

Plaintiff behind her back. Indeed, prison staff handcuffed Plaintiff carefully, and noted that she resisted the restraints during transport, which is likely what caused her pain.

Once in her new cell assignment, Plaintiff complained to Deschler of pain. He summoned a nurse, who gave Plaintiff Tylenol and an ice pack. The nurse noted exceedingly mild bruising on Plaintiff's wrists and no breach of the skin. Plaintiff nevertheless continued to complain and was seen by Miloslavic a week later. Miloslavic found substantial bruising and swelling on Plaintiff's left hand. He concluded that these symptoms were inconsistent with the handcuffing incident, and that Plaintiff had instead harmed herself to create her present injuries. Miloslavic nevertheless obtained x-rays of her hands and wrists, which showed no abnormalities.[1]

Defendants contend that these facts do not support liability against any of them. As to Verbick, the Eighth Amendment's proscription of cruel and unusual punishment prohibits prison authorities from "unnecessarily and wantonly inflicting pain on inmates." *See Rivera v. Drake*, 497 F. App'x 635, 637 (7th Cir. 2012). Use of force that is maliciously motivated, unrelated to institutional security, and lacks a legitimate penological justification violates the Eighth Amendment. *Id.* Verbick's handcuffing was motivated by the need to securely transport Plaintiff for disciplinary reasons. It was not done wantonly or unnecessarily, and care was taken to avoid hurting Plaintiff. The fact that she may have experienced some pain does not make Verbick liable for cruel and unusual punishment.

---

[1]Defendants offer additional evidence of Plaintiff's malingering and petulant behavior. With prison security and medical staff, Plaintiff was insistent that she allowed to use a walker. However, she was often seen walking without one. Plaintiff would then reiterate the need for a walker soon thereafter.

As to Deschler and Miloslavic, the Eighth Amendment imposes liability on them only if they were deliberately indifferent to a serious medical need. *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005). Defendants maintain that Plaintiff cannot satisfy the "serious medical need" component of the claim. A sufficiently serious condition is one that has been diagnosed by a doctor as needing treatment or is so serious that even a lay person would easily recognize the need for medical attention. *See McDonald v. Hardy*, 821 F.3d 882, 889 (7th Cir. 2016). Plaintiff had only slight bruising on her wrists which was quickly treated by the nursing staff with painkillers and an icepack. Miloslavic's observations confirmed that Plaintiff suffered no lasting injury from the handcuffing incident. Indeed, she may have attempted to manufacture a basis for further treatment with self-inflicted harm.

Plaintiff responded to Defendants' motion on June 7, 2019. Her responsive materials include a legal brief, (Docket #50), her own proposed findings of fact, (Docket #51), and various affidavits and exhibits, (Docket #50-2, #50-3, #52, #53, and #53-1). Plaintiff also submitted other evidentiary materials prior to filing her summary judgment response. (Docket #45, #46, and #48).

Nowhere in Plaintiff's submissions, however, is a response to Defendants' statement of facts that complies with the applicable procedural rules. Federal Rule of Civil Procedure 56 and Civil Local Rule 56 describe in detail the form and contents of a proper summary judgment submission. In particular, they state that a party opposing a summary judgment motion must file

> (B) a concise response to the moving party's statement of facts that must contain:

> (i) a reproduction of each numbered paragraph in the moving party's statement of facts followed by a response to each paragraph, including, in the case of any disagreement, specific references to the affidavits, declarations, parts of the record, and other supporting materials relied upon[.]

Civ. L. R. 56(b)(2)(B)(i); *see* Fed. R. Civ. P. 56(c)(1)(A) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record[.]").

Rather than comply with this rule, Plaintiff conclusorily states that she "opposes" Defendants' proposed facts, without addressing each of Defendants' facts individually and citing appropriate evidence in support of any facts which she might dispute. (Docket #50 at 1); *see also* (Docket #55) (Defendants' response to Plaintiff's statement of facts, which demonstrates the proper method for responding to proposed findings of fact). This is unacceptable, in light of the fact that Plaintiff was twice provided a copy of the procedural rules, once by the Court, (Docket #17), and once by Defendants' themselves along with their summary judgment motion, (Docket #35 at 3–13).

Despite being twice warned of the strictures of summary judgment procedure, Plaintiff ignored those rules by failing to properly dispute Defendants' proffered facts with citations to relevant, admissible evidence. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). Though the Court is required to liberally construe a *pro se* plaintiff's filings, it cannot act as her lawyer, and it cannot delve through the record to find favorable evidence for her. Even if such relevant and favorable evidence could be located in the record, the Court cannot compile that evidence for her and construct legal or factual arguments on her behalf. In other words, the Court cannot abandon its role as a neutral decisionmaker and become an advocate for one party. Thus, the

Court deems Defendants' facts undisputed for purposes of deciding their motion for summary judgment. *See* Fed. R. Civ. P. 56(e); Civ. L. R. 56(b)(4); *Hill v. Thalacker*, 210 F. App'x 513, 515 (7th Cir. 2006) (noting that district courts have discretion to enforce procedural rules against *pro se* litigants).

Based on the undisputed facts presented by Defendants, summary judgment is clearly appropriate in their favor. The Court will, therefore, dismiss each of Plaintiff's claims, and this action generally, with prejudice.

Accordingly,

**IT IS ORDERED** that Defendants' motion for summary judgment (Docket #35) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 26th day of June, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge